UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. JODWAY and
ALAINA M. ZANKE-JODWAY,

Appellants,

v.

FIFTH THIRD MORTGAGE COMPANY,
assignee of FIFTH THIRD BANK
MORTGAGE-MI, LLC and
FIFTH THIRD MORTGAGE-MI, LLC ,

Appellee.
_____/

Case No. 16-cv-11914

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT
AND DENYING THE APPELLANT'S MOTION TO EXTEND [5] AS MOOT**

**I. INTRODUCTION**

Appellants Timothy M. Jodway and Alaina M. Zanke-Jodway ("Appellants" or the "Jodways") filed notice of this bankruptcy appeal on May 27, 2016. A hearing was held on Thursday, August 25, 2016 at 3:30 p.m. The matter is fully briefed. For the reasons discussed below, the judgment of the bankruptcy court will be **AFFIRMED**. The Appellant's Motion to Extend Due Dates is **DENIED** as **MOOT**.

-1-

## II. FACTUAL BACKGROUND

**A. The Jodways' First Litigation Effort**

On August 3, 2005, the Jodways took a $649,000 mortgage on a property at 324 Bay Street in Boyne City, Michigan (the "Property"), from Fifth Third Mortgage-MI, LLC ("Fifth Third LLC"). The Property was purchased while the Jodways, in the midst of relocating, were trying to sell their downstate home. Their old house never sold.

On September 11, 2008, the Jodways filed suit in the Charlevoix County Circuit Court against multiple Defendants, including negligence and fraud claims against Fifth Third LLC. The Jodways claimed that they were fraudulently induced into the Mortgage. The case was removed on federal question grounds to the U.S. District Court for the Western District of Michigan on October 3, 2008. On May 22, 2009, Fifth Third LLC moved for summary judgment. The Jodways failed to file any opposition to Fifth Third LLC's Motion. On March 3, 2010, the U.S. District Court dismissed the Jodways' claims against Fifth Third LLC under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Alaina M. Zanke-Jodway and Timothy Jodway v. Capital Consultants, Inc., et al.*, No. 1:08-cv-930, 2010 WL 776743 (W.D. Mich. March 3, 2010) (herein, "*Jodway I*"). On January 20, 2011, the mortgage was assigned to Appellee, Fifth Third Mortgage Company ("Appellee" or "Fifth Third Co.").

### B. The Jodways File for Bankruptcy Protection

Over the course of the litigation of *Jodway I*, the Jodways had failed to meet their mortgage obligations. On May 13, 2014, Fifth Third Co. referred the matter to foreclosure counsel to commence foreclosure. Foreclosure notice was posted on June 6, 2014, and published for four consecutive weeks. The Sheriff's sale was scheduled for June 27, 2014. Tim Jodway filed for Chapter 13 relief in bankruptcy court on June 26, 2014 to stay Fifth Third Co.'s foreclosure.

### C. The Jodways' Second Litigation Effort

On February 11, 2015, while in bankruptcy, the Jodways filed an adversary proceeding against Fifth Third Co. ("*Jodway II*"). The Complaint raised the same allegations they raised in *Jodway I*. On March 3, 2015, Fifth Third Co. moved for dismissal. The bankruptcy court dismissed the action on April 13, 2015. The bankruptcy court issued its opinion from the bench, holding that Count I was barred by the doctrines of *res judicata* and collateral estoppel, and that Counts II and III were not independent causes of action under Michigan law. Dkt. No. 6 at 861–62 (Pg. ID No. 882–83). The Jodways did not appeal the bankruptcy court's dismissal of their complaint.

The Jodways, the Trustee, and Fifth Third Co. eventually stipulated to the entry of an Order Confirming Plan of Restructuring ("the Plan"). As a part of the

Plan, the Jodways agreed to surrender the Property. That order was entered by the bankruptcy court on May 12, 2015.

Fifth Third Co. later again tried to commence foreclosure proceedings, allegedly in accordance with stipulations in the Plan, but the Jodways disputed their claim. On April 15, 2016, the State court granted Fifth Third Co. judgment of foreclosure on the Property in the amount of $945,139.55.

On April 13, 2016, the Jodways filed a Motion to Reopen the Case, and a Rule 60 Motion for relief from the April 13, 2015 Judgment ("*Jodway III*"). On May 16, 2016, the bankruptcy court heard the parties' arguments and denied the motion from the bench. The bankruptcy court denied relief for the "reasons in [Fifth Third Co.'s] brief" and further held that the Jodways were estopped from pursuing their fraud claims further because they had already agreed to surrender the Property as a part of their restructuring. Dkt. No. 6 at 1095 (Pg. ID No. 1116).

The issue on appeal is the Bankruptcy Court's denial of the Jodways' Rule 60(b) Motion for Relief from the Court's Dismissal of their 2015 Complaint.

### III. LEGAL STANDARD

On appeal of a bankruptcy decision, this court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*. *Keeley v. Grider*, 590 F. App'x 557, 559 (6th Cir. 2014). Denials of relief under Rule 60 are reviewed for abuse of discretion. *Id.* (citing *In re Gardner*, 360 F.3d

551, 557 (6th Cir. 2004)). Therefore, the judgment of the bankruptcy court shall be reversed only if the ruling is based on "an erroneous view of the law or a clearly erroneous assessment of the evidence." *U.S. v. Dotson*, 715 F.3d 576, 582 (6th Cir. 2013) (quoting *U.S. v. Semrau*, 693 F.3d 510, 520 (6th Cir. 2012)).

### IV. DISCUSSION

Appellants are arguing that the bankruptcy court erred because it did not reopen *Jodway II*. They argue that *Jodway II* (dismissed on *res judicata*) was invalid because (1) *Jodway I* was not an adjudication on the merits; and (2) *Jodway I* was missing an indispensable party. Appellants are also trying to argue that the equities somehow require that the bankruptcy court vacate the judgment of the Western District Court. Notably, however, *Jodway I* was dismissed for failure to prosecute. This is all in spite of the fact that the Appellants have already agreed to surrender the Property according to the Plan. As described below, the appeal lacks any meritorious value.

Under Fed. R. Civ. P. 60(b), upon "motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). Here, Appellants moved for relief of the bankruptcy court's judgment under Rule 60(b)(1), (2), and (3).[1] The requested relief was denied.

a. *Rule 60(b)(1)*

Rule 60(b)(1) permits relief "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Here, the bankruptcy court denied relief of its original judgment, which dismissed the Appellants' claims under the doctrine of *res judicata*.

*Res judicata* dictates that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (citations omitted). For *res judicata* to apply, the following elements must be present:

---

[1] Their Rule 60(b)(3) argument is framed as a judicial estoppel argument.

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 880 (6th Cir. 1997).

1. Adjudication on the Merits

Appellants argue that the bankruptcy court abused its discretion when it determined that *Jodway I*, a Rule 41(b) dismissal, was an adjudication on the merits entitled to *res judicata*. Dkt. No. 8 at 22 (Pg. ID No. 1142). Appellants rely on *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) for the principle that a 41(b) dismissal is not claim preclusive, but instead bars the re-filing of a claim in the same court. Therefore, Appellants argue, because *Jodway II* was not in the Western District, *res judicata* did not apply, and relief from judgment should have been granted under Rule 60(b)(1). In response, Appellee argues that *Semtek* is not applicable to the present facts at hand. The Appellee is correct.

Rule 41(b) states that "[f]or failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

In *Semtek*, the United States Supreme Court examined whether a Rule 41(b) dismissal by a federal court, sitting in diversity, on statute of limitations grounds had claim-preclusive effect in a different state where the statute of limitations had not yet expired. The Supreme Court held that a Rule 41(b) dismissal was not "necessarily a judgment entitled to claim-preclusive effect." *Semtek*, 531 U.S. at 503. But this did not categorically nullify the claim-preclusive effect of a Rule 41(b) dismissal. Essentially, *Semtek* means that when a federal court dismisses an action while incorporating state law, it does not necessarily mean that the action is barred from being brought in another state where the law is different. *Id.* at 509 ("Because the claim-preclusive effect of the California federal court's dismissal 'upon the merits' of petitioner's action on statue-of-limitation grounds is governed by a federal rule that *in turn incorporates California's law of claim preclusion* . . . the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland Courts.") (emphasis added). This holding is necessarily narrow. The *Semtek* court did not address the claim-preclusive effect of a Rule 41(b) dismissal for failure to prosecute on a claim brought in the same state as the prior action.

Appellants further point to *Cobbins v. Tennessee Dept. of Transp.*, 566 F.3d 582 (6th Cir. 2009), as support for their argument. However, *Cobbins* did not deal

with the doctrine of *res judicata*, and instead examined the issue preclusive effect of a prior lawsuit against a different party. *Id.* at 591.

Appellee points to a more analogous case, *Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775 (6th Cir. 2009). In *Bragg*, the Sixth Circuit examined the claim-preclusive effect of a district court's Rule 41(b) dismissal for lack of progress. There, the Sixth circuit held that the "[p]laintiff's argument that the district court's dismissal of her 2007 lawsuit was not 'a final decision on the merits' is refuted by the plain language of Rule 41(b) and by the clear precedent of our court." *Id.* at 777. The Sixth Circuit further noted that "[b]ecause plaintiff's 2007 claims were dismissed pursuant to Federal Rule of Civil Procedure Rule 41(b), the [adjudication on the merits] element required for res judicata to apply was clearly met in this case." *Id.*

The case at hand is very similar to the facts of *Bragg*. Here the district court dismissed the Appellants' claims in 2010 for failure to prosecute. *Jodway I*, 2010 WL 776743 at *12–13. Therefore, under Rule 41(b) and the Sixth Circuit opinion in *Bragg*, that holding constituted "an adjudication on the merits" entitled to claim-preclusive effect. Therefore, the bankruptcy court did not err in this regard.

2. Privity and Substantial Identity of Interests

The Appellants further challenge two of the bankruptcy court's initial findings of fact: (1) that Fifth Third Mortgage Co. and Fifth Third LLC were in

privity to support dismissal; and (2) that Fifth Third Mortgage Co. and Firth Third LLC had a substantial identity of interests for the purposes of *res judicata*.

Under Michigan law, where a party seeks to assert the *res judicata* doctrine defensively, that party need not be in privity with a party to the prior action. *Vanmeerbeeck v. M&T Bank*, 2012 WL 2943400, *3 (E.D. Mich. July 18, 2012) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 695 (2004)) ("Thus [privity] need not be satisfied to apply *res judicata* to bar Plaintiffs' attempt to litigate claims that it raised or could have raised . . . ."); *Burks v. Washington Mut. Bank, F.A.*, 2008 WL 4966656, *5 n. 2 (E.D. Mich. November 17, 2008) ("Because Fidelity and Trott raise res judicata defensively, this Court need not determine if they qualify as privies . . . in the state court proceedings."); *Berkshire v. Klimowicz*, 2014 WL 1032048, *7 n. 6 (E.D. Mich. March 17, 2014); *Davis v. Countrywide Home Loans*, 2013 WL 5212242, *4 (E.D. Mich. September 16, 2013) ("Michigan courts allow a party to assert the doctrine of *res judicata* defensively even when that party is not in privity with a party to the prior action.").

Moreover, the bankruptcy court's finding of privity was not clearly erroneous. As the Michigan Supreme Court has provided:

> To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both a substantial identity of interests and a working functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation.

*Id.*

Appellants argue that Fifth Third Mortgage Co. was not in privy with Fifth Third Mortgage LLC because the assignment of the Jodways' loan took place before *Jodway I*. Dkt. No. 8 at 25 (Pg. ID No. 1145). However, this assertion appears to only be somewhat supported by an attached, unpublished opinion by the Michigan Court of Appeals, *Fifth Third Mortgage-MI, LLC v. First American Title Insurance*, 2015 WL 1069341 (Mich. Ct. App. March 10, 2015). The record before this Court (and before the bankruptcy court) indicates that Fifth Third LLC assigned and recorded all of their interest in the Mortgage to Appellee on January 20, 2011, well after the end of the first action, thus transferring any interest that Fifth Third Mortgage LLC had at the end of *Jodway I* to Appellee. The bankruptcy judge's finding of fact was based in evidence submitted on the record. Accordingly, the bankruptcy court's finding of a substantial identity of interests does not appear to be clearly erroneous.

b. *Rule 60(b)(2)*

A decision not to relieve a party from a prior final judgment based on newly discovered evidence pursuant to Rule 60(b)(2) is similarly reviewed on appeal for abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). "In order to prevail on a Rule 60(b)(2) motion, a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] 'the

evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.' " *Id.* (quoting *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200–01 (5th Cir.1993) (footnote and citation omitted)). "In other words, the evidence cannot be merely impeaching or cumulative." *Id.*; *see Yachts Am., Inc. v. United States*, 779 F.2d 656, 662 (Fed. Cir. 1985), *cert. denied sub nom. Wilson v. United States*, 479 U.S. 832 (1986).

Appellants assert that they have gained new information showing that Fifth Third Co. was an indispensable party to *Jodway I* because it acquired its interest in the Mortgage in 2005. Appellants argue that the doctrine of equitable estoppel should have barred the Appellee's *res judicata* defense. Dkt. No. 8 at 32 (Pg. ID No. 1152). The new evidence is the Michigan Court of Appeals case, *First American Title Insurance*.[2] This argument however fails to satisfy the second prong of Rule 60(b)(2).

Appellants have not demonstrated that the new evidence would make a difference in the result of *Jodway I*. Even if the Appellants had access to *First Title Insurance*, they would have still been plagued by the circumstances that prevented them from prosecuting *Jodway I* in the first place, namely: (1) ". . . going through a marital separation"; (2) "working three-quarters time" and a law practice,

---

[2] For the purposes of this section, the Court will assume that a prior court action can be considered "new evidence." The Appellants have also submitted exhibits purporting to document mortgage transactions by Fifth Third Co. at the relevant times.

simultaneously; and (3) a "deep depression." Dkt. No. 6 at 1067 (Pg. ID No. 1088). The Court finds that had the Jodways had access to this new information, their claim still would have been dismissed for failure to prosecute. Therefore, the judgment of the bankruptcy court will be affirmed on this ground as well.

    *c. Judicial Estoppel*

The Appellants argue that the bankruptcy court erred when it denied the Appellants' Motion for Relief from Judgment under a theory of judicial estoppel. Appellants' argument is without merit.

In *Jodway III*, the bankruptcy court did not apply judicial estoppel against Fifth Third Co., and further held that judicial estoppel applied against the Appellant. Dkt. No. 6 at 1094–95 (Pg. ID No. 1115–16). The standard of review applied on an application of judicial estoppel is an open question. The Sixth Circuit has typically reviewed an application of judicial estoppel *de novo*. *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). However, "[i]n several recent cases, [the Sixth Circuit] has 'questioned the continuing viability of the *de novo* standard for judicial estoppel, noting the Supreme Court's characterization of the doctrine as an equitable remedy invoked by the court at its discretion and recognizing that the majority of federal courts review for abuse of discretion.' " *Javery v. Lucent Technologies, Inc. Long Term Disability Plan for Management or LBA Employees*, 741 F.3d 686, 697 (6th Cir. 2014) (quoting

*Kimberlin v. Dollar General Corp.*, 520 F. App'x 312, 313 n.1 (6th Cir. 2013)). The Sixth Circuit has refused to settle the issue. *Id.* ("Although this issue remains unresolved in this Circuit, we need not resolve it in the present case because the district court's ruling was proper under either standard."). Despite the Supreme Court's characterization as an equitable remedy, the Sixth Circuit has continued to use the *de novo* standard over the abuse of discretion standard. *See Lorillard Tobacco Co. v. Chester, Willcox, & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) ("The Supreme Court did not instruct that an abuse of discretion standard is appropriate, and this Court has continued to adhere to the *de novo* standard . . . Without a more definitive statement from the Supreme Court, this Court is bound by its own precedent and will therefore apply the *de novo* standard to the district court's order."). Therefore, the Court will review the application of judicial estoppel *de novo*.

The doctrine of judicial estoppel seeks "to preserve the integrity of the courts," *Browning,* 283 F.3d at 776 (citation omitted), by "generally prevent[ing] a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2005).

The Supreme Court has noted that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general

-14-

formulation or principle." *New Hampshire*, 532 U.S. at 750. Nevertheless, the Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51.

As for the first factor, the Jodways argue that Fifth Third Co. took a position in *First American Title* that was different than its position in *Jodway I*. Dkt. No. 8 at 40 (Pg. ID No. 1160). Fifth Third Co., however, was not a party in *Jodway I*. *Jodway I* was a claim against Fifth Third LLC. Fifth Third Co. was only a party in *Jodway II* and subsequent proceedings. Therefore, the Court's analysis of judicial estoppel is limited to the positions taken by Fifth Third Co. during *First American Title,* and *Jodway II*.

In *First American Title*, Fifth Third Co. argued that there was an assignment agreement, dated October 22, 2001, between Fifth Third LLC and Fifth Third Co. that remained in effect through October 2005. *First American Title Ins.*, 2015 WL

1069341 at *5. The *First American Title* court found that the agreement provided "that Fifth Third LLC assigned any future notes and mortgages that it subsequently made . . . ." *Id.* The Jodways mortgage was executed in August of 2005, and would have presumably fallen under this assignment agreement.

During *Jodway II*, Fifth Third Co. argued that they were entitled to *res judicata*, in part because they were "the same part[y]" as Fifth Third LLC. Dkt. No. 6 at 230 (Pg. ID No. 251). This isn't "clearly inconsistent" with the position taken in *First American Title*. Thus, the first prong of judicial estoppel is not satisfied.

Furthermore, even assuming Fifth Third Co. took an inconsistent position, Appellants have failed to establish the third prong, an unfair advantage. Under the facts raised by Appellants, the only argument that could have been judicially estopped by the Court would have been Fifth Third Co.'s assertion of privity with Fifth Third LLC for purposes of *res judicata*. However, as described above, under Michigan law, a party need not show privity when *res judicata* is raised defensively. Therefore, there was no advantage.

While the bankruptcy court did not appear to undergo this analysis, instead choosing to find that Appellants were collaterally estopped from reopening the case, the Appellants have still failed to raise arguments that would entitle them to

relief under Rule 60. Accordingly, the judgment of the bankruptcy court will be affirmed on this ground as well.

### d. Timeliness

The bankruptcy court, when ruling from the record, did not address the issue of timeliness. Having found that the bankruptcy court's ruling was sound, the issue of timeliness need not be addressed by this Court either.

## V. CONCLUSION

For the reasons discussed above, the judgment of the bankruptcy court is **AFFIRMED**.

IT IS SO ORDERED.

Dated: August 29, 2016  s/Gershwin A. Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2016.

s/Teresa McGovern
TERESA MCGOVERN
Case Manager Generalist